UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHRIS HEBERT | CIVIL ACTION NO. 6:17-cv-00943 |
| VERSUS | JUDGE JAMES |
| ST. MARTIN PARISH, LOUISIANA and GUY CORMIER, individually and in his capacity as Parish President of St. Martin Parish, Louisiana | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendants, St. Martin Parish and Guy Cormier. (Rec. Doc. 8). The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted in part, that the motion be denied in part, that the plaintiff be afforded an opportunity to amend his complaint, and that the defendants be permitted to reurge their motion following review of the plaintiff's amended complaint, if necessary or appropriate.

## Factual Background

In his complaint, plaintiff Chris Hebert alleged that his constitutional rights were violated when he was terminated from his employment with defendant St. Martin Parish. More particularly, he alleged that he advised his contact in the parish's human resources department, Michelle Brignac, that road supervisor Ronnie Angelle was using racial epithets to describe men under his supervision and that one of the plaintiff's coworkers was stealing granite from parish jobs and using it for personal projects. The plaintiff alleged that he attempted to contact both defendant Guy Cormier, who was the parish president, and his friend and parish councilman Chris Tauzin with regard to these matters, but was fired, allegedly because he was raising concerns about the use of racial epithets and the theft of parish property.

The plaintiff articulated his claim as arising under 42 U.S.C. § 1983 and alleged that the defendants violated his property interest in maintaining employment and deprived him of protections guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The plaintiff also contended that the conduct complained of violated Louisiana's Whistleblower Statute, La. R. S. 23:967.

## The Contentions of the Parties

In support of their motion to dismiss, the defendants argued that the official capacity claims against Mr. Cormier are redundant of the claims against the parish,

that the plaintiff has not identified a specific policy or custom giving rise to his alleged injuries, that the plaintiff has not adequately alleged the violation of a constitutional right, and that the plaintiff has not alleged facts sufficient to sustain a claim under Louisiana's whistleblower statute. The plaintiff responded to the motion with a request that he be permitted to amend his complaint.

## LAW AND ANALYSIS

### I. THE STANDARD FOR EVALUATING A RULE 12(B)(6) MOTION

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts

---

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## II. THE STANDARD FOR EVALUATING A SECTION 1983 CLAIM

In his complaint, the plaintiff articulated state-law claims and claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights. Section 1983 is not itself

---

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[14] To state a Section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[15]

In this case, the plaintiff's complaint expressly stated that the plaintiff's claims are premised on alleged violations of his Fourth, Eighth, and Fourteenth Amendment rights. The defendants argue, however, that the plaintiff did not set forth enough factual information in his complaint to establish that a constitutional violation occurred; however, the plaintiff has requested an opportunity to amend his complaint. It is undisputed that the second criterion is satisfied in this case, as the plaintiff contends that St. Martin Parish and St. Martin Parish President Guy Cormier caused his alleged damages.

### III. THE INDIVIDUAL-CAPACITY CLAIM AGAINST MR. CORMIER

The plaintiff's complaint states that Mr. Cormier is being sued in both his individual capacity and also in his official capacity as the president of St. Martin

---

[14] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[15] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

Parish. It is unclear from the face of the complaint whether the plaintiff is alleging that Mr. Cormier personally fired him. The plaintiff alleged that Mr. Cormier and the parish had customs, policies, practices, and procedures of negligently and inadequately hiring, training, supervising, and retaining employees that gave rise to the constitutional violations and statutory violations complained of. But no specific custom or policy was identified. The plaintiff also alleged that the Parish is responsible for Mr. Cormier's conduct under the principle of respondeat superior.

A Section 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation.[16] Supervisory officers such as Mr. Cormier cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[17] A state actor may be liable under Section 1983 only if the plaintiff establishes that the defendant supervisory official was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or that a causal connection exists between an act of the official and the alleged

---

[16] *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012).

[17] *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

constitutional violation.[18] In this case, it is unclear whether the plaintiff is alleging that his employment was terminated by Mr. Cormier. Alternatively, a supervisory official may be liable under Section 1983 if he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[19] In this case, the plaintiffs' complaint is lacking in factual allegations against Mr. Cormier supporting the conclusion that he implemented any such policy.

While the complaint does not allege facts clearly setting forth Mr. Cormier's role in the alleged termination of the plaintiff's employment or establishing Mr. Cormier's role, if any, in the confection or implementation of relevant policies, the plaintiff has requested an opportunity to amend his complaint.

## IV.  THE OFFICIAL-CAPACITY CLAIM AGAINST MR. CORMIER

In his complaint, the plaintiff asserted an official-capacity claim against Mr. Cormier and a claim against St. Martin Parish. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents."[20] Therefore, it is "well settled that a suit against a municipal official in

---

[18]  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[19]  *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Alton v. Texas A & M*, 168 F.3d at 200.

[20]  *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1712549 (W.D. La. May 15, 2012). See, also, *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005).

his or her official capacity is simply another way of alleging municipal liability."[21] When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this Circuit have found it is appropriate to dismiss them.[22]

In keeping with this principle, this Court finds that the plaintiff's claim against Mr. Cormier in his official capacity is redundant of the claim asserted against St. Martin Parish and recommends that the defendants' motion be granted with regard to the official-capacity claim against Mr. Cormier and recommends that the official-capacity claim against Mr. Cormier be dismissed.

## V. THE STANDARD FOR EVALUATING THE WHISTLEBLOWER CLAIM

To state a claim under La. R.S. § 23:967, the plaintiff must plead facts sufficient to show that: (1) the employer violated the law through a prohibited workplace act or practice; (2) the plaintiff advised the employer of the violation; (3) the plaintiff then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) the employer was fired as a result of his refusal to

---

[21] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[22] See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261(5th Cir. 1996).

participate in the unlawful practice or threat to disclose the practice.[23] While the plaintiff alleged in his complaint that his road supervisor used racial epithets and his coworker stole granite, he did not assert with certainty the state laws that were violated or allege that St. Martin Parish – rather than parish employees – violated certain state laws. Thus, the defendants maintain that the plaintiff's complaint fails to state a viable state-law whistleblower claim. The plaintiff responded with a request for leave to file an amended complaint to remedy the alleged factual deficiencies.

## VI. THE PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

In response to the defendants' motion, the plaintiff requested an opportunity to amend his complaint. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[24] Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[25] Indeed, "district

---

[23] *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015); *Hale v. Touro Infirmary*, 2004–0003 (La .App. 4 Cir. 11/3/04, 10), 886 So.2d 1210, 1216, writ denied, 2005–0103 (La. 03/24/05); 896 So.2d 1036.

[24] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[25] *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[26] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[27]

This Court finds that it would be inequitable to dismiss the plaintiff's complaint without allowing him an opportunity to remedy the sparseness of the factual allegations. Therefore, it is recommended that the plaintiff be permitted to file an amended complaint for the purpose of clarifying the alleged constitutional violations, clarifying Mr. Cormier's role in the termination of the plaintiff's employment, identifying the policies confected or implemented by Mr. Cormier that led to the plaintiff's alleged injury, and alleging a valid factual basis for the whistleblower claim.

## Conclusion

For the foregoing reasons,

---

[26] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[27] *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)

IT IS RECOMMENDED that the defendants' motion to dismiss the plaintiff's complaint (Rec. Doc. 8) be GRANTED IN PART and DENIED IN PART. More, particularly, it is recommended

(a) that the motion be granted with regard to the plaintiff's official-capacity claim against defendant Guy Cormier and it is recommended that the official-capacity claim against Mr. Cormier be dismissed without prejudice;

(b) that the motion be denied in all other respects;

(c) that the plaintiff be granted leave of court to file an amended complaint; and

(d) that the defendants be permitted to reurge their motion after review of the amended complaint, if necessary or appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on November 30, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE